IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher James Cullins, Jr., #3924 ) | |
| ) | Civil Action No. 8:08-592-RBH-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| SLRDC Director Simon ) | |
| Major, Jr.; Assistant Director ) | |
| Major Darrell McGhaney, ) | |
| and Food Service Director ) | |
| Sammy Rembert, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion for summary judgment. (Dkt. # 17.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on February 16, 2008, seeking damages for alleged civil rights violations.[1] On July 23, 2008, the defendants filed a motion for summary judgment. By order filed July 24, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 8, 2008, the plaintiff filed a response opposing the defendants' summary judgment motion.

---

[1] As there is no prison mailroom stamp indicating when it was received, this date reflects the postmark date on the envelope containing the complaint. (Compl. Attach.) *See Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

## FACTS

The plaintiff is a prisoner currently incarcerated in the Sumter/Lee Regional Detention Center ("SLRDC"). In his complaint, the plaintiff alleges that pretrial detainees are treated differently than the sentenced inmates housed at the SLRDC. Specifically, he alleges that sentenced inmates are served meat with their meals more often and are allowed more privileges, such as being allowed to play pool and smoke, purchase items from vending machines every day, watch big screen televisions in their pod, and enjoy family contact visitations for longer periods of time, "family days," and better holiday meals. (Compl. Attach. 1-5.) The plaintiff also alleges the defendants Major and McGhaney financially profit from the sentenced inmates through revenues from the vending machines and pool tables and by loaning them money to be repaid with interest by garnering the sentenced inmates' incoming money orders and other resources. (*Id*. at 6.)

The plaintiff is seeking an order requiring the defendants to change their "unlawful conduct" and an award of $250,000 in damages. (Compl.)

## APPLICABLE LAW

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining

whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The defendants contend that they should be granted summary judgment and the plaintiff's claims should be dismissed because the plaintiff has failed to exhaust his administrative remedies, state a claim, or allege any personal involvement by the named defendants. They also contend they are entitled to qualified immunity.

**Exhaustion**

The defendants contend the plaintiff has failed to exhaust his administrative remedies on all but one claim. The undersigned agrees.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility

>until such administrative remedies as are available are exhausted.

In *Porter v. Nussle,* 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, ___ U.S. ___ , 126 S. Ct. 2378, 2386, 165 L.Ed.2d 268 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id.* (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. *Id.*

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford,* 126 S.Ct. at 2385 (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

The record shows that the plaintiff filed only one grievance, No. 2788, regarding the allegations he now makes in his complaint. In this grievance, dated January 29, 2008, the plaintiff complained that while convicted inmates received sausage for breakfast on January 24, 2008, he did not. Accordingly, only the plaintiff's claim regarding the differences in food served has been exhausted and, therefore, the plaintiff's remaining claims should be dismissed as the plaintiff failed to exhaust his administrative remedies. Alternatively, all of the plaintiff's claims should be dismissed on the merits as discussed below.

**Merits**

First, the undersigned notes that the defendants contend the plaintiff has failed to state a claim or allege they had any personal involvement of the defendant Major in any alleged constitutional violations. (Defs.' Mem. Supp. Summ. J. Mot. at 10.) The undersigned agrees. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dept. of Social Svs.*, 436 U.S. 658, 691-92 (1978). As the plaintiff has not alleged any personal involvement of the defendants he has failed to state a claim against them.

Furthermore, to the extent the plaintiff may be relying on the doctrine of supervisory liability against the defendant Major, the plaintiff has failed to make any showing of supervisory liability. To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir .1994).

Here, the plaintiff has presented no evidence that the defendant Major had actual knowledge and disregarded a substantial risk of serious injury to the plaintiff. Mere awareness of a complaint is not sufficient to show "knowledge that a subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury," which is the first prong of the supervisory liability standard. *Shaw,* 13 F.3d at 799. *See also Shelly v. Johnson,* 684 F.Supp. 941, 946 (W.D.Mich.1987) (holding that merely bringing problem to attention of supervisory official is not sufficient to impose liability). The plaintiff has also failed to provide any evidence demonstrating that the response of this defendant was inadequate and/or that his inaction caused any constitutional injury. Thus, the

defendant Major cannot be held liable under a respondeat superior theory under § 1983 for the plaintiff's alleged constitutional violations and he should be granted summary judgment.

Additionally, the defendants contend the plaintiff has failed to state any constitutional claims. The undersigned agrees.

As to the plaintiff's claims regarding food, the Fourth Circuit Court of Appeals recognizes the well-established principal that "inmates must be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and wellbeing of the inmates who consume it.' " *Shrader v. White,* 761 F.2d 975, 986 (4th Cir.1985) (citations omitted). Failure to meet an inmate's basic nutritional needs is considered cruel and unusual punishment because the inmate relies on prison officials to provide food.[2] However, assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. *Divers v. Dep't of Corrs.*, 921 F.2d 191, 196 (8th Cir.1990); *see also Madyun v. Thompson*, 657 F.2d 868, 874-75 (7th Cir.1981)(allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation).

In this case, the plaintiff has not alleged that he was served a nutritionally inadequate diet or that he suffered any adverse physical effects as a result of any alleged deficient food. The plaintiff has only alleged he is not being served meat as often as the sentenced prisoners. (Compl. at 2.) Taking this allegation as true, and even assuming that these meals did not provide balanced nutrition to the plaintiff, which the defendants deny,[3] there is no evidence that the plaintiff sustained any "serious or significant physical or emotional

---

[2]Since the plaintiff was a pre-trial detainee at the time of the alleged incidents, his civil rights claims are evaluated pursuant to the Fourteenth Amendment, not the Eighth Amendment. *See, e.g., Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990)("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

[3]In his affidavit, the defendant Food Service Director at SCLRDC, Sammy Rembert, states that the meals served at SCLRDC are nutritionally adequate. (Defs.' Mem. Supp. Summ. J. Mot. Ex. C - Sammy Rembert's Aff. ¶¶ 4-9.)

injury resulting from" the allegedly deficient food.  *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993); *Lopez v. Robinson,* 914 F.2d 486, 490 (4th Cir. 1990).  Accordingly, the plaintiff has failed to state a claim.

As for the plaintiff's various allegations of discrimination, the undersigned finds the plaintiff has failed to state an equal protection claim.  The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  The equal protection requirement "does not take from the States all power of classification," *Personnel Adm'r v. Feeney,* 442 U.S. 256, 271 (1979), but "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). To succeed on an equal protection claim, the plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). If he makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny."  *Id.*  When equal protection challenges arise in a prison context, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. *Morrison,* 239 F.3d at 654-55.  In a prison context, therefore, the court must determine whether the disparate treatment is "reasonably related to [any] legitimate penological interests." *Shaw v. Murphy,* 532 U.S. 223, 225 (2001).

Here, the plaintiff has not stated any equal protection claim because he has not alleged that he was treated differently than others who were similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. *Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999).  The plaintiff, a pre-trial detainee, alleges he has been treated differently than sentenced or convicted inmates.  However, the plaintiff has not alleged nor offered any evidence that he has been treated differently than similarly

7

situated persons, i.e. other pretrial detainees. *Slade v. Hampton Roads Regional Jail*, 303 F.Supp.2d 779 (E.D.Va. 2004)(detainee is not "similarly situated" to convicted inmates); *Moss v. Clark*, 886 F.2d 686, 691 (4th Cir.1989) (the class to which an inmate belongs consists of the persons confined as he is confined, and subject to the same conditions to which he is subject). Further, the plaintiff has not offered any evidence, other that his own conclusory statements, that the alleged unequal treatment was the result of intentional or purposeful discrimination. Accordingly, the defendants should be granted summary judgment on the plaintiff's equal protection claims.

**Qualified Immunity**

The defendants also raise the defense of qualified immunity. Qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir.1992). However, because there is no evidence that any specific right of the plaintiff was violated, it is unnecessary for this Court to address the qualified immunity defense. *See Porterfield v. Lott,* 156 F.3d 563, 567 (4th Cir. 1998) (when the court determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist.").

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 17) be GRANTED and the complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

December 8, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).